# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

LEE TAYLOR                                                                                   PLAINTIFF

V.                                                           CIVIL ACTION NO. 3:18-CV-577-CWR-FKB

ONIN STAFFING & YATES                                                                       DEFENDANTS
SERVICES

## ORDER

Defendants Onin Staffing and Yates Services ask the Court to dismiss pro se Plaintiff Lee Taylor's Complaint for insufficient process, insufficient service of process, and failure to timely serve process. For the following reasons, the Court denies Defendants' Motion.

The starting point for this case is to remind the parties of what this Court said in *Howard v. Shelton*, a case not mentioned in the Defendants' briefs:

> Rule 4 is a means to an end; it does not exist for its own sake. Although its demands are specific, its ultimate goal is simply to notify a defendant that a law suit has been filed against it. And when a *pro se* plaintiff achieves that goal despite failing to adhere to Rule 4's every rigor, this Court will not favor dismissals based on simple technicalities. The Rules of Civil procedure 'should be construed and administered to secure the *just*, speedy and inexpensive *determination* of every action and proceeding. In this case, that goal is best achieved by permitting the parties to move forward toward an evaluation of the case's merits.

277 F.R.D. 168, 172 (S.D. Miss. 2011) (citation omitted) (emphasis in original).

It is undisputed that the initial set of summonses were defective and that the first service on the Defendants was untimely. Under Federal Rule of Civil Procedure 4(m), in such circumstances the Court has the discretion to "dismiss the action without prejudice . . . or order that service be made within a specified time." The Court must extend the time for service, however, if the plaintiff shows good cause. "Good cause" under Rule 4(m) requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Lambert v. United States*,

44 F.3d 296, 299 (5th Cir.1995). Courts normally require "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified." *Id.*

Here, the Court granted Taylor's motion to proceed *in forma pauperis* on September 14, 2018, directed the Clerk of Court to file Taylor's complaint, and explained that, "[u]pon receipt of the completed summons forms from Plaintiff, the Clerk shall issue process for Defendants and forward same to the United States Marshal for service." The Court, however, did not issue summonses for both Defendants until January 11, 2019. Additionally, the U.S. Marshal did not attempt to effect service until February 5, 2019, when it mistakenly delivered the summons addressed to Onin to a non-authorized agent at Yates and the summons addressed to Yates to a non-authorized agent at Onin. Due to these circumstances and Taylor proceeding *in forma pauperis*, Taylor has shown good cause for the failure to timely effect service. "[A] plaintiff proceeding *in forma pauperis* is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshals Service to properly effect service of process, where such failure is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). The plaintiff should attempt to remedy possible defects in the service of process, once they become aware of them. *Ellibee v. Leonard*, 226 F. App'x 351, 358 (5th Cir. 2007).

Taylor argues that he relied upon this Court and the U.S. Marshals Service to properly effect service. Nothing in the record leads the Court to conclude otherwise. The Court must then inquire as to whether Taylor attempted to remedy these defects once he became aware of them. The record shows that Defendants filed their Motion to Dismiss on February 26, 2019. Taylor responded once made aware of the deficiency in service, and new summonses were served upon the Defendants. Because of this, the Court finds that Taylor has shown good cause for the failure

2

to serve. *See Gordon v. Davis*, No. 3:10-CV-579-CWR-LRA, 2011 WL 13232542, at *2 (S.D. Miss. Aug. 19, 2011) (finding good cause to extend time for service where *pro se* plaintiff relied upon U.S. Marshal for service of process); and *Smith v. Performance Contractors, Inc.*, No. 3:16-CV-902-CWR-LRA, 2017 WL 1347446 (S.D. Miss. Apr. 6, 2017) (denying defendant's motion to dismiss for insufficiency of service of process against pro se IFP plaintiff).

Moreover, given the circumstances, the Court would otherwise be inclined to use its discretion to order a new deadline for service.

The Court extends the time of service as required under Rule 4(m). Given that Defendants have already been served with the reissued summonses and have raised no issue as to their service in their rebuttal, it is unnecessary for the Court to set a new period of time. "The question of whether to dismiss for failure to effect service is one in which a district court enjoys some discretion and so long as no legal authority inflexibly requires otherwise, this Court is loathe to deprive a pro se party of its day in court because of imperfect, but ultimately effective, navigation of the Rules of Civil Procedure." *Howard*, 277 F.R.D at 171 (citations omitted).

The Defendants' Motion to Dismiss is denied.

**SO ORDERED**, this the 13th day of September, 2019.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
